## John Cleveland v. The State.

1. **Malicious Mischief — Variance.** — Defendant was prosecuted under art. 684, Penal Code, for knowingly causing his horse to go within the enclosure of one Vinson, without the latter's consent. The proof showed that Vinson and one Vaughn, the defendant's employer, separately rented and cultivated distinct parts of the same field, and that the defendant, in disregard of repeated warnings, turned his horse loose on his employer's part of the field, whence it passed to and trespassed upon Vinson's crop. *Held,* that there was no variance between the information and the proof; and the conviction is sustained.

2. **Same.** — Art. 684 of the Penal Code is designed for the better protection of agriculturists against wanton or reckless depredation of live-stock upon their crops, by furnishing to them another and more efficient remedy than a suit for damages. The wise and commendable purpose of the enactment should be vigorously effectuated by the courts.

Appeal from the County Court of Houston. Tried below before the Hon. W. B. Wall, County Judge.

The opinion discloses the case.

*E. Currie,* for the appellant.

*Thomas Ball,* Assistant Attorney-General, for the State.

Clark, J. The obvious purpose and intention of the Legislature in the enactment of the act of April 23, 1873 (Laws 1873, chap. 32), which has been since incorporated in our present Code (Penal Code, art. 684), was, as expressed in its title, "to better provide for the protection of agricultural interests," and to provide a penal remedy for that character of trespass in addition to a civil action for damages, which for obvious reasons might often prove inadequate. The mischief designed to be remedied was the wanton or reckless depredations upon crops by stock, caused frequently by irresponsible parties who were not able to respond in damages, and to prevent the loss in a few hours of the fruits of a year's labor. This wise and commendable purpose cannot be overlooked in the execution

of the statute, nor can courts too rigidly enforce it, within the prescribed limits of fixed legal rules and principles.

In the record before us only one point presents itself as of sufficient interest to justify discussion, and that is the alleged variance between the allegations and proof. The information alleged that the defendant did knowingly cause his horse to go within the enclosed land of L. H. Vinson. The proof shows that the defendant, after repeated warnings, turned his horse loose to graze in an enclosure, in one part of which Vinson had a growing and ungathered crop, and in another part of which the employer of defendant had another crop; and that the horse was turned into the enclosure in the morning, and did not begin his depredations upon Vinson's crop until in the afternoon.

It is now contended that this variance was fatal; but we do not so regard it. Had the entire enclosure been jointly held and cultivated by the two parties as copartners, the rule might be otherwise; but the separate parcel held and cultivated by Vinson, the injured party, was as much his enclosed land, within the purview of the law, as if entirely isolated and fenced apart from all the other lands.

The judgment is affirmed.

*Affirmed.*